ORIGINAL
B&F
C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
UNITED STATES OF AMERICA,

-against-                                  **MEMORANDUM AND ORDER**
                                           Case No. 07-CR-26 (FB)
SESENARINE ETWAROO,

                    Defendant.
------------------------------------------------------x

*Appearances:*
*For the United States of America:*          *For Defendant:*
BENTON J. CAMPBELL, ESQ.                     MICHAEL K. SCHNEIDER, ESQ.
United States Attorney                       Federal Defenders of New York, Inc.
Eastern District of New York                 16 Court Street
By: ELIZABETH LATIF, ESQ.                    Brooklyn, NY 11241
    Assistant United States Attorney
271 Cadman Plaza East
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

Sesenarine Etwaroo ("Etwaroo") is charged with one count of illegal reentry into the United States in violation of 8 U.S.C. § 1326. He moves to dismiss the indictment on the ground that he was not indicted within thirty days of his arrest, as required by 18 U.S.C. § 3161(b). For the following reasons, the motion is granted and the indictment is dismissed without prejudice.

I

On December 20, 2005, Etwaroo was arrested by the New York Police Department and charged in state court with one count of petty larceny. During his pretrial detention on Riker's Island, he admitted to an immigration official that he had previously been removed to his native county of Guyana and had returned to the United States without permission. On February 16, 2006, he was convicted of petty larceny and

sentenced to time served.

Etwaroo was not immediately released from Riker's Island; instead, he was detained to answer theft charges filed in Florida. On April 20, 2006, he was extradited to Florida and detained in the Orange County Jail. On August 24, 2006, Magistrate Judge Go issued a warrant for Etwaroo's arrest on the federal illegal reentry charge.

On October 31, 2006, Etwaroo was sentenced to time served by a Florida state court. Due to the outstanding federal arrest warrant, he was not immediately released from the Orange County Jail.

On November 3, 2006, Etwaroo was taken from the jail. Etwaroo claims that United States Marshals began transporting him to the local federal courthouse, but turned back "[f]or reasons unknown to [him]." Decl. of Michael K. Schneider (Sept. 7, 2007) ¶ 8. The Government, by contrast, claims that Etwaroo was being transported to a Marshals facility by *state* officials, who turned back "after realizing that [they] did not have the appropriate documentation concerning whether [Etwaroo] had open state charges, including charges in the name of one of his aliases[.]" Gov't's Mem. of Law, at 4.

In any event, it is undisputed that Etwaroo was returned to the Orange County Jail, where he remained until November 21, 2006. On that date, he was released into the custody of the Marshals, who thereupon formally executed the federal arrest warrant. On November 24, 2006, a magistrate judge in the Middle District of Florida ordered Etwaroo's immediate removal to the Eastern District of New York.

Etwaroo remained in Florida until December 5, 2006, when he was airlifted to New York. On December 15, 2006, he appeared before Magistrate Judge Gold, who

denied bail. On January 11, 2007, a grand jury returned an indictment charging Etwaroo with one count of illegal reentry; the indictment alleged that Etwaroo had been deported from the United States following his conviction for an aggravated felony.

## II

### A. Timeliness of Indictment

Under the Speedy Trial Act, "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). The Act is not triggered "until [the defendant] is under *federal* arrest." *United States v. Jones*, 129 F.3d 718, 721 (2d Cir. 1997) (citation and internal quotation marks omitted). Citing *United States v. Woolfolk*, 399 F.3d 590 (4th Cir. 2005) – in which the Fourth Circuit held that the Act is triggered when "the Government knew or should have known that the defendant was restrained [by state authorities] solely to answer federal charges," *id.* at 596 – Etwaroo argues that the clock began to run on November 1st because, at that point, the only basis for his detention was the federal illegal reentry charge. The government argues that Etwaroo was not under federal arrest until November 21st, and that the delay in the transfer of custody was attributable solely to state officials.

The Court need not resolve the parties' dispute as to when the Speedy Trial Act was triggered; as explained below, the indictment was untimely even if November 21st is used as the trigger date.

Thirty days from November 21st is December 21st. The Act, however,

3

provides for certain exclusions from this period. The government argues that the entire time period between November 21st and Etwaroo's arraignment of December 15th was excludable, and that only 26 days elapsed between the arraignment and the return of the indictment.

Under § 3161(h)(1)(G), the Court must exclude "delay resulting from any proceeding relating to the transfer of a case or the removal of any defendant from another district under the Federal Rules of Criminal Procedure." It is undisputed that the proceeding for Etwaroo's removal from the Middle District of Florida to the Eastern District of New York lasted from November 21st to November 24th.

Under § 3161(h)(1)(H), the Court must also exclude "delay resulting from the transportation of any defendant from another district." *Id.* § 3161(h)(1)(H). "[A]ny time consumed in excess of ten days from the date [of] an order of removal . . . and the defendant's arrival at the destination shall be presumed to be unreasonable." *Id.* The government offers absolutely no reason why that presumption should not apply here. The ten-day period began to run on November 24th, when Etwaroo was ordered removed.

In calculating the ten-day period for transportation, some courts – including the Southern District – exclude weekends and holidays pursuant to Federal Rule of Criminal Procedure 45(a), which "provides that Saturdays, Sundays and legal holidays are excludable from any time limitation less than eleven days." *United States v. Govan* 1998 WL 889067, *3 (S.D.N.Y. 1998) (citing Rule 45(a)); *see also United States v. Garrett*, 45 F.3d 1135, 1140 n. 6 (7th Cir. 1995) ("[T]he ten day period for transporting a defendant to and from a medical facility does not include intervening Saturdays, Sundays and legal holidays.");

4

*United States v. Bond*, 956 F.2d 628, 632 (6th Cir. 1992) ("[A]ppellee contends that this ten day extension is enlarged by Fed. R. Crim. P. 45(a), which excludes Saturdays, Sundays and legal holidays from any time limitation less than eleven days. We agree."). Other courts disagree, holding that the rule – which governs time limits "specified in [the Federal Rules of Criminal Procedure], any local rule, or any court order," Fed. R. Crim. P. 45(a) – does not apply to the statutory periods set forth in the Speedy Trial Act. *See, e.g., United States v. Williamson*, 409 F. Supp. 2d 1105, 1107 (N.D. Iowa 2006) ("[A]bsent contrary direction from the Eighth Circuit Court of Appeals or Congress, the court will not exclude weekends and holidays in calculating the ten-day period to transport a defendant.").

The Court once again gives the government the benefit of the doubt and assumes *arguendo* that Rule 45(a) effectively expands the ten-day period. Excluding weekends, the period expired on December 8th. Since Etwaroo arrived in the district before the deadline, the entire period from November 24th to his arrival date – December 5th – is excluded under § 3161(h)(1)(H).

Assuming an arrest date of November 21, 2006, and excluding the periods for the removal proceeding and transportation, the 30-day period for indictment expired on January 4, 2007. Since the indictment was not returned until January 11th, it was untimely.

## B. Appropriate Remedy

The remedy for a violation of the Speedy Trial Act is dismissal of the indictment, *see* 18 U.S.C. § 3162(a)(1); however, "the decision to dismiss with or without prejudice [is] left to the guided discretion of the district court, and . . . neither remedy [is] given priority." *United States v. Taylor*, 487 U.S. 326, 335 (1988). In deciding the appropriate

5

remedy, "the court shall consider . . . the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of [the Speedy Trial Act] and on the administration of justice." 18 U.S.C. § 3162(a)(1). In addition, the Supreme Court has held that Congress intended "the presence or absence of prejudice to the defendant . . . to be relevant for a district court's consideration." *Taylor*, 487 U.S. at 334.

Illegal reentry after removal for commission of an aggravated felony carries a maximum penalty of 20 years' imprisonment. *See* 8 U.S.C. § 1326(b)(2). Courts have uniformly concluded that this constitutes a serious offense for purposes of the Speedy Trial Act. *See United States v. Martinez-Espinoza*, 299 F.3d 414, 418 (5th Cir. 2002); *United States v. Pena-Carrillo*, 46 F.3d 879, 882 (9th Cir. 1995); *United States v. Pena*, 73 F. Supp. 2d 56, 60 (D. Mass. 1999). Even if Etwaroo is correct that, realistically, he faces a sentence of no more than half the statutory maximum, the offense remains serious. *See United States v. Melguizo*, 824 F.2d 370, 372 (5th Cir. 1987) ("We find that a possible sentence of ten years is . . . sufficient indication that the offense is serious."). "Where the crime charged is serious, the sanction of dismissal with prejudice should ordinarily be imposed only for serious delay." *United States v. Simmons*, 786 F.2d 479, 485 (2d Cir. 1986).

With respect to the facts and circumstances giving rise to the delay, there is no contention that Etwaroo was responsible for any of it. As noted, however, there is a dispute as to how much of the delay is attributable to the federal government: If, as Etwaroo contends, he was under federal arrest as of November 1st, and if weekends are not excluded from the 10-day transportation period, then the indictment was 28 days late.

If, on the other hand, Etwaroo was not under federal arrest until November 21st, and if weekends are excluded from the 10-day transportation period, then the indictment was only 7 days late. The Court can once again avoid the need to resolve the dispute by now taking the facts in the light most favorable to *Etwaroo*.

Although 28 days is not an insubstantial period of time, courts have generally reserved dismissal with prejudice for more egregious delays. *See, e.g., United States v. Caparella*, 716 F.2d 976, 980 (2d Cir. 1983) (51 days of unexcluded delay); *United States v. Mancuso*, 302 F. Supp. 2d 23, 27 (E.D.N.Y. 2004) (three years of unexcluded delay); *cf. United States v. Hernandez*, 863 F.2d 239, 244 (2d Cir. 1988) (describing 14-day delay is "border[ing] on being *de minimis*." Moreover, a full three weeks of that period was the result of the aborted trip to the federal courthouse in Florida; whether that trip was supervised by U.S. Marshals or state officials, it is extremely doubtful that Etwaroo was returned to state custody out of ill will or utter carelessness. In any event, the Eastern District United States Attorney's Office was far removed from this delay; the documents received from the Middle District of Florida recite – albeit perhaps erroneously – that Etwaroo was arrested on November 21st. "In the absence of a factually supported finding of bad faith or a pattern of neglect by the local United States Attorney, an 'isolated unwitting violation' of the Speedy Trial Act cannot support a decision to dismiss with prejudice." *Hernandez*, 863 F.2d at 244 (quoting *Taylor*, 487 U.S. at 339).

"The length of delay, a measure of the seriousness of the speedy trial violation, in some ways is closely related to the issue of prejudice to the defendant." *Taylor*, 487 U.S. at 341. "While long delays tend to increase the likelihood of 'presumptive or

7

actual prejudice to the defendant, in terms of his ability to prepare for trial or the restrictions on his liberty," short delays . . . do not become 'serious' violations of the Speedy Trial Act unless there is some resulting prejudice to the defendant." *Hernandez*, 863 F.2d at 244 (quoting *Taylor*, 487 U.S. at 340). Etwaroo makes no claim that the delay between his arrest and indictment has caused him any prejudice in terms of trial preparation. The Court is, of course, mindful that any restraint on liberty is, in some sense, prejudicial; however, it does not follow that the remedy is to relieve Etwaroo of the obligation to stand trial of the charge against him. In any event, had Etwaroo not been in pretrial custody, he would undoubtedly have been in the custody of immigration officials. *See United States v. Agugbo*, 2000 WL 666341, at *3 (S.D.N.Y. May 22, 2000) ("Defendant's incarceration at a federal prison instead of an INS detention facility can hardly be said to be prejudicial.").

Finally, with respect to the effect on the administration of justice and the Speedy Trial Act, "[i]t is self-evident that dismissal with prejudice always sends a stronger message than dismissal without prejudice, and is more likely to induce salutary changes in procedures, reducing pretrial delays." *Taylor*, 487 U.S. at 342. Nevertheless, the Supreme Court has made it abundantly clear that "the greater deterrent effect of barring reprosecution [cannot] alone support a decision to dismiss with prejudice," *id.*, and that "[d]ismissal without prejudice is not a toothless sanction." *Id.*; *see also Hernandez*, 863 F.2d at 244 ("[The district court's] understandable desire to ensure strict compliance with the Speedy Trial Act cannot, under the analysis in *Taylor*, justify a dismissal with prejudice here. The offense was concededly serious, the delay was concededly short, there was no evidence of bad faith or a pattern of neglect, and the defendant failed to demonstrate any

8

prejudice from the delay."). The Court is satisfied that the burden of reindicting Etwaroo provides, under the circumstances, sufficient incentive for the government to take seriously its responsibilities under the Speedy Trial Act.

### III.

The motion to dismiss the indictment is granted, but without prejudice.

**SO ORDERED.**

                              s/ Judge Frederic Block
                              FREDERIC BLOCK
                              Senior United States District Judge

Brooklyn, New York
December 19, 2008